UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| **PHILADELPHIA INDEMNITY INSURANCE COMPANY A/S/O THAYER POINT LLC,** *Plaintiff* <br><br> v. <br><br> **CONTRACTOR SOLUTIONS GROUP, LLC and WESTERN STATES FIRE PROTECTION COMPANY,** *Defendants* | § § § § § § § § § § § § | Case No. 1:22-cv-00036-RP |

### REPORT AND RECOMMENDATION
### OF THE UNITED STATES MAGISTRATE JUDGE

**TO: THE HONORABLE ROBERT PITMAN**
  **UNITED STATES DISTRICT JUDGE**

Now before the Court is Plaintiff's Motion to Remand and Supporting Brief (Opposed), filed February 1, 2022 (Dkt. 5). Defendants did not file a response. On February 16, 2022, the District Court referred the Motion to the undersigned Magistrate Judge for a report and recommendation, pursuant to 28 U.S.C. § 636(b)(1)(B), Federal Rule of Civil Procedure 72, and Rule 1(d) of Appendix C of the Local Rules of the United States District Court for the Western District of Texas ("Local Rules").

### I. Background

Plaintiff Philadelphia Indemnity Insurance Company insured an apartment complex in Killeen, Texas (the "Premises") owned and/or operated by Thayer Point, LLC. Plaintiff's Original Petition, Dkts. 1-4 at 1, 5-5 at 1. During construction of the Premises, Defendant Contractor Solution Group ("CSG") was hired to install insulation, while Defendant Western States Fire Protection Company ("Western") installed a fire sprinkler system. *Id.* at 2.

1

On or about February 16, 2021, the Premises flooded. *Id.* Plaintiff alleges that pipes in the sprinkler system "froze and cracked in multiple locations throughout the Premises," that the broken pipes "are believed to have been uninsulated," and that "there was substantial evidence of missing insulation between the outside wall and the inside wall in various buildings." *Id.* at 2-3. After the water loss, Thayer Point filed a property damage claim with Plaintiff, which adjusted and paid the claim totaling nearly $400,000, including Thayer Point's deductible. *Id.* at 3.

Plaintiff filed suit in state court against Defendants on December 9, 2021, asserting claims of negligence, negligence *per se*, and breach of implied warranty of good and workmanlike performance. *Philadelphia Indem. Ins. Co., A/S/O Thayer Point LLC v. Contractor Sol. Grp., LLC & W. States Fire Prot. Co.*, No. 21DCV328998 (169th District Court, Bell County, Tex. Dec. 9, 2021), Dkts. 1-4, 5-5. Plaintiff seeks damages "in an amount not to exceed $500,000." *Id.* at 6.

Western was served with this lawsuit on December 17, 2021. Dkt. 5-1 at 2. CSG was served on December 27, 2021. Dkt. 5-2 at 3. On January 14, 2022, Western removed the case to this Court based on diversity jurisdiction and the amount in controversy under 28 U.S.C. §§ 1332(a)(1), 1441(a), and 1446. Dkt. 1. Dkt. 1 ¶ 6. CSG did not sign and was not named in Western's Notice of Removal. Rather, on February 1, 2022, Defendants filed "Defendants' Notice of Consent to Removal," signed by counsel for CSG as well as Western. Dkt. 3. The Notice states that: "Defendants hereby file this Notice of Consent to Removal to confirm that Defendant CSG agrees with the notice of removal and consents to removal of this suit to federal court." *Id.* ¶ 3.

Plaintiff timely moved for remand to state court under 28 U.S.C. § 1447(c), asserting that Western's Notice of Removal lacked unanimity of consent, and that CSG's subsequent consent was untimely because it was filed more than 30 days after service. The undersigned Magistrate Judge agrees and recommends that this case should be remanded for the reasons discussed below.

## II. Legal Standards

A defendant may remove any civil action from state court to a district court of the United States that has original jurisdiction. 28 U.S.C. § 1441. There are two principal bases on which a district court may exercise removal jurisdiction: the existence of a federal question, and complete diversity of citizenship between the parties. 28 U.S.C. §§ 1331 and 1332. Diversity jurisdiction exists where the amount in controversy exceeds $75,000 and there is complete diversity of citizenship between the parties. 28 U.S.C. § 1332(a); *Lincoln Prop. Co. v. Roche*, 546 U.S. 81, 89 (2005); *Moss v. Princip*, 913 F.3d 508, 514 (5th Cir. 2019).

On a motion to remand, the removing party bears the burden of establishing that one of these bases of jurisdiction exists and that the removal was not procedurally defective. *Shearer v. Sw. Serv. Life Ins. Co.*, 516 F.3d 276, 278 (5th Cir. 2008); *WMS, LLC v. Allied Prop. & Cas. Ins. Co.*, 244 F. Supp. 3d 567, 570 (W.D. Tex. 2017). "Any ambiguities are construed against removal and in favor of remand to state court." *Scarlott v. Nissan N. Am., Inc.*, 771 F.3d 883, 887 (5th Cir. 2014) (citation omitted). "Since removing an action duly filed in state court creates issues concerning federalism, 'doubts regarding whether removal jurisdiction is proper should be resolved against federal jurisdiction.'" *St. Pierre v. Ward*, 542 F. Supp. 3d 549, 552 (W.D. Tex. 2021) (quoting *African Methodist Episcopal Church v. Lucien*, 756 F.3d 788, 793 (5th Cir. 2014)).

## III. Analysis

Pursuant to Local Rule CV-7(d)(2), Defendants' response to Plaintiff's Motion to Remand was due February 15, 2022, but Defendants have filed no response. Accordingly, the Court could recommend that Plaintiff's Motion to Remand be granted as unopposed, but proceeds to consider the merits of the Motion nonetheless. *Id.*[1]

---

[1] Plaintiff's Motion to Remand required no certificate of conference because a motion to remand is "dispositive." Local Rule CV-7(g); *Davidson v. Georgia-Pacific, L.L.C.*, 819 F.3d 758, 765 (5th Cir. 2016).

Western removed this case on the basis of diversity of citizenship between the parties pursuant to 28 U.S.C. § 1441. Dkt. 1 ¶ 6. The procedure for removal of civil actions is laid out in 28 U.S.C. § 1446, and two provisions of that statute are dispositive here. First is the "last-served defendant rule" in Section 1446(b)(2)(B), which allows each defendant to remove within thirty days of service. *Mathis v. DCR Morg. III Sub I, LLC*, 942 F. Supp. 2d 649, 650-51 (W.D. Tex. 2013). Plaintiff served CSG with this lawsuit on December 27, 2021, but CSG did not file written consent to removal until February 1, 2022, after the thirty-day deadline. Dkts. 3, 5-2 at 3.

Second is the "rule of unanimity" in Section 1445(b)(2)(A), which requires that all defendants to an action either sign the original notice of removal or timely file written consent to the removal. *Powers v. United States*, 783 F.3d 570, 576 (5th Cir. 2015). The Fifth Circuit strictly construes this rule and mandates that each defendant must timely provide written indication that it has consented to removal. *Getty Oil Corp. v. Ins. Co. of N. Am.*, 841 F.2d 1254, 1262 n.11, 1263 n.13 (5th Cir. 1988). As stated *supra*, CSG did not sign the Notice of Removal timely filed by Western on January 14, 2022.

Accordingly, because written consent on the part of all defendants was lacking when CSG's thirty-day removal period elapsed, removal is defective and the case must be remanded. The Court therefore recommends that Plaintiff's Motion to Remand be **GRANTED**.

## IV.  Recommendation

Based on the foregoing, the undersigned **RECOMMENDS** that the District Court **GRANT** Plaintiff's Motion to Remand (Dkt. 5) and **REMAND** this action to the 169th District Court in Bell County, Texas.

**IT IS FURTHER ORDERED** that this case be removed from the Magistrate Court's docket and returned to the docket of the Honorable Robert Pitman.

## V.  Warnings

The parties may file objections to this Report and Recommendation. A party filing objections must specifically identify those findings or recommendations to which objections are being made. The District Court need not consider frivolous, conclusive, or general objections. *See Battle v. United States Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987). A party's failure to file written objections to the proposed findings and recommendations contained in this Report within fourteen (14) days after the party is served with a copy of the Report shall bar that party from de novo review by the District Court of the proposed findings and recommendations in the Report and, except on grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the District Court. *See* 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140, 150-53 (1985); *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc).

**SIGNED** on March 2, 2022.

_____
SUSAN HIGHTOWER
UNITED STATES MAGISTRATE JUDGE